UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN RE:

Michael Todd Williams and
Amy Elizabeth Williams,

    Debtors.

Case No. 11-80585

Amy Elizabeth Williams,
f/k/a Amy A. Womble,

    Plaintiff,

v.

Saxon Mortgage Services,
Inc., FV-1, Inc. in Trust
for Morgan Stanley Mortgage
Capital Holdings, LLC and
Phillip A. Glass, Substitute
Trustee,

    Defendants.

Adversary No. 11-9067

## MEMORANDUM OPINION

This adversary proceeding came before the court on September 22, 2011, for a determination as to whether a dismissal in this proceeding pursuant to the granting of the Defendants' motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and Rule 9012 of the Federal Rules of Bankruptcy Procedure for lack of subject matter jurisdiction should be with prejudice. For the reasons that follow, the court has concluded that the dismissal should be without prejudice.

### BACKGROUND

On April 7, 2011, the Debtors commenced the above-captioned

case in this court. The case began as a case under chapter 13. On July 13, 2011, while the Debtors' case was still proceeding under chapter 13, the female Debtor commenced this adversary proceeding seeking to set aside a foreclosure deed conveying her residential real property to FV-1, Inc., one of the Defendants in this proceeding, and to recover damages pursuant to N.C. Gen. Stat. § 75-16 for alleged unfair and deceptive acts by the Defendants during the foreclosure proceeding. On August 15, 2011, the Defendants filed a motion pursuant to Rule 12(b)(1) to dismiss this proceeding for lack of subject matter jurisdiction. Thereafter, on September 5, 2011, the Debtors converted their bankruptcy case to a case under chapter 7 and John A. Northen was named as trustee in the chapter 7 case.[1] This adversary proceeding came before the court on September 8, 2011, for a hearing on the Defendants' motion to dismiss. At the conclusion of the hearing, the court ruled that Defendants' motion to dismiss should be granted as to Counts One and Three of the complaint on the grounds that under the Rooker-Feldman Doctrine there was a lack of subject matter jurisdiction as

---

[1] Pursuant to section 323 of the Bankruptcy Code, Mr. Northen, in his capacity as chapter 7 trustee, is the legal representative of the estate in the Debtors' case and, as such, became vested with the claims asserted in this proceeding. See Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir. 1997)(stating that "[o]nce appointed, the trustee becomes the estate's proper party in interest")(citations omitted); In re Calvin, 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005); In re Cash Media Systems, Inc., 326 B.R. 655, 672 (Bankr. S.D. Tex. 2005).

- 2 -

Case 11-09067   Doc 19   Filed 10/04/11   Page 2 of 6

to those counts. In doing so, the court found that jurisdiction was precluded under Rooker-Feldman because in order to grant the relief sought in Counts One and Three this court either would have to find that an order entered by the Clerk of Superior Court of Chatham County was erroneous or take action that would render the clerk's order ineffectual. See Plyler v. Moore, 129 F.3d 728 (4th Cir. 1997).[2] Following the hearing on September 8, 2011, an issue was raised by the Defendants as to whether the dismissal should be with prejudice. Since this issue was not addressed at the September 8 hearing, the court ordered that a further hearing be held on September 22, 2011. Thus, the issue to be addressed in this order is whether the dismissal of Counts One and Three should be with prejudice as requested by the Defendants.

ANALYSIS

The applicable rule regarding the issue before the court is succinctly stated in 8 Moore's Federal Practice § 41.50[7][c] (3rd ed. 2011):

---

[2]The court denied the Defendants' motion to dismiss as to Count Two, concluding that Rooker-Feldman was not implicated because the relief sought in Count Two was based upon the foreclosure trustee's alleged failure to provide notice of the sale date which occurred after the entry of the clerk's order and which in no way impugned the clerk's earlier ruling under N.C. Gen. Stat. § 45-21.16 that the foreclosure could proceed. During the hearing, however, the Trustee, through counsel, indicated no interest in pursuing Count Two and the court granted a voluntary dismissal of Count Two pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and Rule 7041 of the Federal Rules of Bankruptcy Procedure.

- 3 -

Case 11-09067    Doc 19    Filed 10/04/11    Page 3 of 6

> Rule 41(b) specifically exempts dismissals for lack of jurisdiction, improper venue and failure to join a party under Rule 19 from the presumption that the dismissal is with prejudice. Thus, a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) constitutes a dismissal without prejudice under Rule 41(b).

As pointed out in <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1216 (10th Cir. 2006), a longstanding line of cases have ruled that when the court dismisses an action for lack of jurisdiction, the dismissal must be without prejudice. <u>E.g.</u>, <u>Frederiksen v. City of Lockport</u>, 384 F.3d 437, 438 (7th Cir. 2004); <u>County of Mille Lacs v. Benjamin</u>, 361 F.3d 460, 464-65 (8th Cir.), <u>cert. denied</u>, 543 U.S. 956, 125 S.Ct. 408, 454, 160 L.Ed.2d 318 (2004); <u>Leaf v. Supreme Court of State of Wisconsin</u>, 979 F.2d 589, 595 (7th Cir. 1992); <u>Shockley v. Jones</u>, 823 F.2d 1068, 1073 (7th Cir. 1987).

Unable to cite contrary authority, the Defendants argue that this proceeding nonetheless should be dismissed with prejudice on equitable grounds. The Defendants point to the claims' lack of merit, the legal expenses already incurred in this and other past litigation with the Debtor and the likelihood of future litigation and expenses if the claims are not dismissed with prejudice. This argument is unavailing. As several courts have noted, a dismissal with prejudice involves a disposition on the merits which is beyond the capability of a court that lacks subject matter jurisdiction. The court in <u>Brereton</u>, 434 F.3d at 1218, explained this limitation

- 4 -

as follows:

> Quite apart from concerns over preclusion consequences, dismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is <u>incapable</u> of reaching a disposition on the merits of the underlying claims. (emphasis by the court).

In accord, <u>Frederiksen v. City of Lockport</u>, 384 F.3d 437, 438 (7th Cir. 2004)("A suit dismissed for lack of jurisdiction cannot <u>also</u> be dismissed 'with prejudice'; that's a disposition on the merits, which only a court with jurisdiction may render.")(emphasis by the court).

## CONCLUSION

Because this court lacks subject matter jurisdiction with respect to Counts One and Three of the complaint, the dismissal of such counts must be without prejudice. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 3rd day of October, 2011.

_William L. Stocks_
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

Don L. Coomes, Esq.
P.O. Box 141
Sanford, NC 27331

Kimberly A. Sheek, Esq.
10130 Perimeter Parkway
Suite 400
Charlotte, NC 28216

Patrick M. Kane, Esq.
P.O. Box 21927
Greensboro, NC 27420

Stephanie Osborne-Rodgers, Esq.
P.O. Box 2208
Chapel Hill, NC 27514-2208